UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| BRANDON BASH and KATE BASH,<br><br>Plaintiffs,<br><br>vs.<br><br>NICHOLAS ALLEMAN and SPECIALTY TRUCKS,<br><br>Defendants. | Case No. 5:22-cv-5096<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Brandon Bash and Kate Bash, by and through their counsel, Cutler Law Firm, LLP, for their causes of action against the above-named Defendants, state and allege as follows:

### THE PARTIES

1. Plaintiffs Brandon Bash and Kate Bash are residents of Sturgis, South Dakota.

2. Upon information and belief, Defendant Nicholas Alleman ("Defendant") is a resident of Gillette, Wyoming.

3. Upon information and belief, Defendant Specialty Trucks is a Wyoming corporation or trucking business owned and operated by Defendant Nicholas Alleman.

### JURISDICTION AND VENUE

1. The amount in controversy between each of the Plaintiffs and the Defendants exceeds the sum of $75,000, exclusive of interest and costs.

2. Jurisdiction of this Court is conferred by 28 USC § 1332.

### FACTUAL BACKGROUND

4. On or about August 29, 2022, Defendant Alleman was driving a tractor-trailer on Interstate 90 near the City of Whitewood in Lawrence County, South Dakota.

1

5. At the same time, Plaintiff Brandon Bash was driving a motorcycle on Interstate 90 behind Defendants' tractor-trailer in the same lane of travel.

6. Upon information and belief, shortly before August 29, 2022, Defendant Alleman received a warning from law enforcement that several tires on the trailer were dangerously worn and needed to be replaced.

7. Defendant ignored the warning he received from law enforcement and continued driving with the dangerously worn tires on the trailer.

8. Upon information and belief, on August 29, 2022, Defendant had at least four new tires and four new rims with him on the tractor-trailer while driving on Interstate 90 that were ready to be put on the trailer once the dangerously worn tires failed.

9. Upon information and belief, Defendants' trailer blew one or more of the dangerously worn tires which caused the tires to suddenly detach from the rim and strike Plaintiff Bash and/or his motorcycle.

10. Plaintiff Bash was at all times operating his motorcycle in a safe and lawful manner for the road conditions and despite taking reasonable evasive action, was unable to avoid being hit by Defendants' tires, which appeared suddenly and without warning in Plaintiff Bash's path of travel.

11. Upon being hit by Defendants' tire, Plaintiff Bash was ejected from the motorcycle and thrown through the air an unknown number feet before landing in the median of Interstate 90.

12. Upon information and belief, after Defendants' dangerously worn tires struck Plaintiff Bash, Defendant Alleman did not stop his tractor-trailer and continued driving approximately several more miles before pulling off at a truck stop in Sturgis, South Dakota.

13. Plaintiff Bash was transported by ambulance from the scene to a nearby hospital with serious injuries including multiple fractured bones.

14. Upon information and belief, both the outer tire and inner tire on Defendants' trailer were dangerously worn and had blown.

15. The South Dakota Highway Patrol was notified of the crash, and a trooper and an inspector from the Motor Carrier Services Division responded to investigate.

16. Upon information and belief, when the trooper and inspector arrived at the truck stop where the Defendant was stopped, Defendant Alleman had already removed and replaced four of the trailer's dangerously worn tires.

17. Upon information and belief, the trooper and inspector determined that two tires had blown on the flatbed trailer.

18. Upon information and belief, Defendant Alleman told the trooper that he knew that several tires on the flatbed trailer needed to be replaced.

19. As a direct and proximate result of this crash, Plaintiff Bash has experienced pain and suffering, mental anguish, loss of enjoyment of life, disability, emotional distress, anguish and embarrassment, medical expenses, lost income, and other damages. Some losses are permanent or continuing and Plaintiff Bash will continue to suffer losses in the future.

## COUNT 1 – NEGLIGENCE

20. Plaintiffs reallege the preceding paragraphs of this Complaint and incorporate them by reference as if fully set forth herein.

21. Defendant negligently, carelessly, heedlessly, and illegally operated his tractor-trailer, thereby causing the crash on or around August 29, 2022. Among other negligent, reckless, or dangerous acts, Defendant operated his tractor-trailer with dangerously worn tires, failed to keep

his tractor-trailer and its tires in good and safe condition, operated his tractor-trailer heedlessly in disregard to the presence or physical safety of Plaintiff, and failed to replace dangerously worn tires on his flatbed trailer causing a blown tire to crash into Plaintiff Bash and his motorcycle.

22. Defendants' negligence is the sole and legal cause of Plaintiffs' injuries and damages.

## COUNT 2 – NEGLIGENCE PER SE

23. Plaintiffs reallege the preceding paragraphs of this Complaint and incorporate them by reference as if fully set forth herein.

24. Defendants were cited for numerous Federal Motor Carrier Safety violations, including 49 CFR § 393.75 and § 396.17 relating to safe tires and proper inspections.

25. Defendants also operated the tractor-trailer in violation of SDCL § 32-21-27.

26. Plaintiff Bash is a member of the class of people to be protected from such violations.

27. Defendants' conduct in violating these safety regulations constitutes negligence as a matter of law.

28. Defendants' negligence per se is the sole and legal cause of Plaintiffs' injuries and damages.

## COUNT 3: RESPONDEAT SUPERIOR/AGENCY

29. Plaintiffs reallege the preceding paragraphs of this Complaint and incorporate them by reference as if fully set forth herein.

30. Defendant Alleman was operating his tractor-trailer on behalf of Defendant Specialty Trucks at all times material to this Complaint, and his actions were within the scope of his employment and agency relationship and in furtherance of the business interests of Specialty Trucks and were reasonably foreseeable.

31. Defendant Specialty Trucks is responsible for the actions of Defendant Alleman in regard to the collision described in this Complaint under the doctrine of lease liability, respondeat superior, agency, or apparent agency.

### COUNT 4: PUNITIVE DAMAGES (SDCL § 21-3-2)

32. Plaintiffs reallege the preceding paragraphs of this Complaint and incorporate them by reference as if set forth fully herein.

33. Defendants knew that several tires on the trailer were dangerously worn and unsafe and needed to be replaced.

34. Defendants had the appropriate supplies to replace worn tires on the trailer, but failed and refused to take proper remedial action before using the trailer on Interstate 90.

35. Defendants engaged in willful and wanton misconduct by operating the tractor-trailer carelessly and heedlessly in conscious disregard of Plaintiff Bash's rights and safety.[1]

36. Defendants engaged in willful and wanton misconduct by knowingly failing to replace the dangerously worn tires on the trailer before driving on the roadway such that it can be said Defendants consciously realized that their conduct would in all probability produce the precise result of a collision and would bring harm to others, including Plaintiff Bash.[2]

---

[1] *Flockhart v. Wyant*, 467 N.W.2d 473, 477-78 (citing *Hannahs v. Noah*, 158 N.W.2d 678 (S.D. 1968)) ("Punitive damages are recoverable in South Dakota in cases involving willful and wanton misconduct that indicates a reckless disregard for one's rights.").

[2] *Tranby v. Brodock*, 348 N.W.2d 458, 461 (S.D.1984) (willful and wanton misconduct may consist facts showing "defendant intentionally did something in the operation of the motor vehicle which he should not have done or intentionally failed to do something which he should have done under the circumstances that it can be said that he consciously realized that his conduct would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to the plaintiff.").

37. Defendants engaged in extreme and outrageous conduct by driving a tractor-trailer they knew was unsafe in conscious disregard of the laws of the State of South Dakota and the Federal Motor Carrier Safety Regulations.

38. Defendants' actions were willful, wanton, and reckless, entitling Plaintiff Bash to punitive damages in an amount to be determined by the trier of fact.

## COUNT 5: LOSS OF CONSORTIUM

39. Plaintiffs reallege the preceding paragraphs of this Complaint and incorporate them by reference as if set forth fully herein.

40. At all times material to this lawsuit, Plaintiffs were husband and wife.

41. As a legal result of Defendants' negligence, Plaintiff Kate Bash suffered loss of consortium including, but not limited to, the loss of affection, society, companionship, household services, and the aid and comfort of her husband.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests a judgment against Defendants as follows:

1. For full and fair compensatory, general, special and punitive damages in an amount to be determined by the jury to compensate Plaintiffs for all injuries sustained as a result of Defendants' conduct;

2. For Plaintiffs' costs and disbursements herein;

3. For pre-judgment and post-judgment interest to the fullest extent allowed by law; and,

4. For such other and further relief as deemed just and equitable by the Court.

<u>**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**</u>

Dated this 13th day of December, 2022.

                                                                          CUTLER LAW FIRM, LLP

                                                                          _____
                                                                          Michael D. Bornitz
                                                                          Abigale M. Farley
                                                                          140 North Phillips Avenue, 4th Floor
                                                                          PO Box 1400
                                                                          Sioux Falls, SD 57101-1400
                                                                          Telephone: (605) 335-4950
                                                                          Facsimile: (605) 335-4961
                                                                          mikeb@cutlerlawfirm.com
                                                                          abigalef@cutlerlawfirm.com
                                                                             *Attorneys for Plaintiff*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRANDON BASH and KATE BASH

### DEFENDANTS
NICHOLAS ALLEMAN and SPECIALTY TRUCKS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael D. Bornitz
Cutler Law Firm, LLP
140 North Phillips Avenue, 4th Floor

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other 550 Civil Rights 555 Prison Condition 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
Personal Injury - Commercial Carrier Motor Vehicle Collision

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: December 13, 2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____